Mr. Chief Justice Johnson delivered the opinion of the Court. The objection that an appeal will not lie from the judgment of a justice in garnishment, we think is not well taken. The statute we consider sufficiently broad to include such judgments. It is as follows, viz: “Any person aggrieved by any judgment rendered by any justice of the peace, except a judgment of non-suit, may, in person, or by his agent, make his appeal therefrom to the Circuit Court of the same county where the judgment was rendered.” (See Dig., ch. 95, p. 667, sec. 174.) The final action of a justice of the peace, setting as a court and acting in his judicial capacity in a proceeding by garnishment, is clearly a judgment within the meaning and contemplation of this act. The construction placed upon that act by this court in the case of Mitchell, use Rogers vs. Woods, (6 Eng. R. 182,) is believed of itself to be conclusive upon this point. The first cause assigned why the court should grant a new trial was, that the verdict was contrary to law and evidence; 2d, because the verdict was in the teeth of the instructions of the court: and 3d, because the court refused to give to the jury the third instruction asked for by the garnishee. We will now proceed to determine upon these several grounds of objection as they are presented by the motion. If the counsel for the appellant had interposed his objection in apt time, he could most unquestionably have excluded the whole evidence offered against his client, unless his objection had been obviated by the production oi the original judgment. That was the basis of the proceeding by garnishment, and, as a matter of course, was absolutely necessary to lay the foundation for the introduction of other testimony. The garnishee had a right to see it and also to have it before the jury, who were to pass upon and fix his liability, as it alone could serve as the measure of the recovery against him, and also to furnish a bar to any future action against him for the same subject matter. This, however, he did not do; but, on the contrary, waived his right in this respect, and permitted evidence without objection to be received tending tó show the amount in his hands belonging to the defendant in the supposed judgment. This court, in the case of Johnson vs. Ashley, (2 Eng. R. 473,) said: “It is the duty of a party who desires to have testimony offered by his adversary excluded from the jury, to move to that effect so soon as it is delivered, and if he fails to do so, but rests till other witnesses are examined, and then moves to exclude the whole, his motion will not be sustained in case any part of the testimony thus delivered shall be competent under the issue joined between the parties.” The rule will apply with equal force where a party has permitted evidence to be introduced which could not be legally received without first laying a foundation for its reception, as the law will presume that he waived his right thus to object. The evidence, therefore, tending to show what property the defendant below had in his hands belonging to the supposed judgment debtor, and also the value of the same having been properly received, we will now proceed to enquire into its sufficiency to authorize the verdict rendered by the jury. The garnishee admitted in his answer, that he had some seventy bushels of corn in his possession belonging to the'judgment debtor, but that he had given him permission to retain it as a security for the performance of certain work and labor which he had agreed to do for him, and which he had failed and refused to perform up to the time of putting in his answer. It was proved by other witnesses, that corn, at the time referred to, was worth fifty cents per busheL It is contended that the defendant had a right to hold the corn as a pledge for the work and labor, which Jackson, the debtor in the judgment, had agreed to perform until it was fully completed. How this matter might have stood in the event that the defendant had shown that the judgment debtor was under any legal liability to perform the work, we do not feel ourselves called upon at present to decide. He has not shown, nor attempted to show, that he was indebted to him, and that he had agreed to perform work and labor to liquidate such debt, but the inference is strong, from the evasive language of his answer, that he was not so indebted, but that on the contrary, his claim was a mere pretext resorted to, to place the property beyond the grasp of the law. The answer, therefore, though not rebutted by other evidence, is strong in itself to fix a liability upon the defendant; at least it leaves the matter in that dubious state which would fully justify a jury in finding as they did. But it is insisted that, even admitting that the jury had the right, under the proof, to find the corn in the hands of the defendant, yet they had no power to inquire into its value, and return a verdict for dollars. By the 3d sec. of the 78th chap. of the Digest, the plaintiff is authorized to file allegations and interrogatories upon which he may be desirous of obtaining the answer of the garnishee, touching the goods and chatties, moneys, credits and effects, of the defendant in the judgment and the value thereof in his hands and possession at the time of the service of the writ, or at any time thereafter. The 6th sec. provides that if the issue be found for the garniseee, he shall be discharged without further proceedings; but if the issue be found for the plaintiff, judgment shall be entered for the amount found due from the garnishee to the defendant in the original judgment, or so much thereof as will be sufficient to satisfy the plaintiff’s judgment with costs; and the 7ih see. further provides that if, on the return day of the garnishment, the garnishee shall surrender to the plaintiff all the goods and chatties, moneys, credits and effects which may be in his hands or possession belonging to the defendant, he shall be discharged with costs, and the court or justice shall enter up an order releasing and discharging such garnishee from all responsibility to the defendant, in relation to the goods and chatties, moneys, credits and effects so surrendered. The last section quoted, it will be perceived, gives the garnishee an election either to surrender or to retain fixe goods and effects, and in case he shall choose to make the surrender, he is thereby entitled to a release from all responsibility in relation thereto. It is very clear that he makes his election at his peril, and that in case he shall fail to avail himself of his pi'ivilege to surrender on the return day of the writ, he is liable for the value of the property found in his possession belonging to the judgment debtor, at least to the extent of the judgment in case it shall amount to so much. There is no error, therefore, in this respect. It is also objected to the judgment that the Court refused to give in charge the third instruction asked by the defendant. This instruction is as follows, viz: “If the jury shall believe from the evidence, including the answer of the garnishee, that the corn in question was given up to the garnishee, by the judgment creditor (debtor) Jackson, as a pledge or security, no recovery for the corn or its value can be had until the lien created by the pledge or deposit is removed.” We think there can be no doubt but that the defendant was entitled to the benefit of this instruction. There was some evidence contained in the answer from which the jury might have been warranted in the inference that the corn was left with the garnishee as a pledge to secure a real subsisting debt;-and, if so, he was clearly entitled to retain it until his debt was paid. See Jones on Bailments, p. 86. The Court therefore erred in this particular, and for this error, the cause must be reserved and remanded, to be proceeded in according to law, and not inconsistent with this opinion.